# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WISCHER<br>18 Rosewood Lane<br>Ft. Thomas, KY 41075 | : : : : | Case No. 1:21-cv-465<br><br>Judge _____ |
| Plaintiff, | : : | |
| v. | : : | |
| PCMS DATAFIT, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | : : : : : | **COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| Defendant. | : | |

## PARTIES

1. Plaintiff Lawrence Wischer is a resident and citizen of the Commonwealth of Kentucky.

2. Defendant PCMS Datafit, Inc. is a Delaware corporation with its principal place of business located in Cincinnati, Ohio. Defendant does business as "Flooid."

3. Defendant is an employer within the meaning of state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant transacts business in this Division and District.

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629, *et seq*.

6. This Court has supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367 on the grounds that it is related to the federal claim, over which this Court has original jurisdiction, that it forms part of the same case or controversy.

7. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. §1391(b) because Plaintiff was employed by Defendant in this District and a substantial part of the events giving rise to these claims occurred in this District.

8. Plaintiff filed a timely charge of age discrimination with the Equal Opportunity Employment Commission and was issued a Notice of Suit Rights dated April 20, 2021.

9. Plaintiff filed this Complaint within 90 days of his receipt of the Notice.

10. Plaintiff has satisfied all procedural requirements for his claims.

## FACTUAL ALLEGATIONS

11. Plaintiff Lawrence Wischer, born 1957, became employed with Defendant in July of 2014.

12. Plaintiff was a loyal, dedicated and highly successful employee throughout the course of his career with Defendant.

13. Plaintiff was initially hired as Client Executive.

14. In October 2014, Plaintiff was promoted to Director of the Information Technology Advisory Group ("ITAG").

15. Plaintiff's responsibility was to evaluate the viability of the ITAG division. In June 2015, Defendant shut down the ITAG division on Plaintiff's recommendation.

16. After shutting down the ITAG division, Plaintiff was named Director, Managed Services ("DMS") for the Store Systems Group in July 2015.

17. Plaintiff had many responsibilities in the DMS role and he performed them at a high level.

18. In 2018, Defendant began to allocate Plaintiff's responsibility to younger employees.

19. In August 2018, Defendant removed management of the North American IT team from Plaintiff and assigned it to Ryan Temby, who is more than ten years younger than Plaintiff.

20. In January 2019, Defendant also removed management of the Client Account Executive team from Plaintiff and assigned it to Ryan Temby.

21. In January 2020, Defendant re-assigned management of the Technical Support & Services team from Plaintiff to Orit Stern, who, like Ryan Temby, is more than 10 years younger than Plaintiff.

22. In February 2020, Defendant removed responsibility for Supporting the Sales Director Team in the US from Plaintiff and assigned it to Ian Walton, who, like Orit Stern and Ryan Temby, is more than 10 years younger than Plaintiff.

23. In March 2020, Defendant removed responsibility for the Special Resolver Group from Plaintiff and assigned it to Orit Stern.

24. By March 2020, Plaintiff's primary remaining duty was managing "Business as Usual" accounts, i.e. existing client accounts.

25. Plaintiff was responsible for managing Defendant's accounts with Bass Pro Shops, Fred Meyer, Giant Tiger, Veterans Canteen Service, Princess Auto, and others.

26. Plaintiff was effectively serving in a Client Executive role, the role he was initially hired to perform.

27. By this time, there were three people serving in the Client Executive role: Plaintiff, Trent Ashwill, and Michael Santarpia. Ashwill and Santarpia were younger than Plaintiff and had been hired after him.

28. In the last few months of his employment, Plaintiff spent the vast majority of his time working on existing client accounts.

29. In December 2019 and January 2020, Plaintiff took multiple trips to manage the rollout of the Veterans Canteen Service at VA hospitals.

30. In December 2019 and January 2020, Plaintiff orchestrated and delivered presentations for Giant Tiger.

31. In February 2020, Plaintiff traveled to Nova Scotia for a meeting to transition an existing client, Nova Scotia Liquor Control, from a Client Executive in the United Kingdom to the Plaintiff.

32. Also in February 2020, Plaintiff delivered an upgrade proposal to Princess Auto Limited.

33. In February 2020, Plaintiff requested that he be paid incentive compensation since he was performing the Client Executive role, and the other Client Executives were paid incentive compensation.

34. Ultimately, Defendant paid Plaintiff some incentive compensation, but not as much as he was owed.

35. On April 1, 2020, Plaintiff was furloughed, allegedly as a result of the Covid-19 pandemic.

36. The two younger, recently hired Client Executives were not furloughed.

37. On June 17, 2020, Plaintiff's employment was terminated as part of a reduction-in-force.

38. Defendant's reason for terminating Plaintiff's employment was that his position was eliminated due to the Covid-19 pandemic.

39. Defendant retained the two significantly younger, recently hired Client Executives.

## COUNT I

### (Age Discrimination – ADEA)

40. Plaintiff realleges the foregoing paragraphs as if fully written herein.

41. Plaintiff is over 40 years of age.

42. Plaintiff was fully qualified for his position at all relevant times.

43. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, younger employees and terminating his employment on account of his age in violation of the ADEA.

44. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery.

## COUNT II

### (Age Discrimination – O.R.C. § 4112)

46. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

47. Plaintiff is over 40 years of age.

48. Plaintiff was fully qualified for his position at all relevant times.

49. Defendant's conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, younger employees and terminating his employment on account of his age in violation of the Ohio Revised Code, § 4112.02(A).

50. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages for which he is entitled to recovery pursuant to Ohio Revised Code, § 4112.99.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated;

(b) That Plaintiff be awarded all lost pay, front pay and benefits;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(h) That Plaintiff be awarded reasonable attorneys' fees; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

        Respectfully submitted,

        /s/ Erin Heidrich
        Katherine Daughtrey Neff (0082245)
        Erin Heidrich (0093828)
        Attorneys for Plaintiff
        FREKING MYERS & REUL LLC
        600 Vine Street, Ninth Floor
        Cincinnati, OH 45202
        513-721-1975/Fax: 513-651-2570
        *kneff@fmr.law*
        *eheidrich@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

        /s/ Erin Heidrich